Opinion
 

 JOHNSON, J.
 

 Plaintiff, Consolidated World Investments, Inc., (CWI), appeals from a judgment of nonsuit on all its causes of action against defendants, Lido Preferred Ltd. and others (Lido). We affirm.
 

 Facts and Proceedings Below
 

 On March 12, 1986, CWI entered into an agreement to purchase from Lido an apartment building in Hollywood. The pertinent provisions of the contract provide:
 

 “3. Seller agrees to extend the closing of escrow upon Buyer’s request in the event the lender is unable to fund the proposed First Trust Deed loan by the anticipated closing date, provided that the Buyer delivers a written commitment to the Seller from the proposed lender.
 

 “4. The anticipated period of escrow shall be 60 days from the date of this Agreement. Escrow is to be established at Commonwealth Title Escrow, and shall be opened upon Buyer’s request.”
 

 Paragraph 5 provides Lido will furnish CWI a preliminary title report and paragraph 8 of the contract provides, “Time is of the essence with respect to this Agreement.”
 

 On May 23, 1986, escrow not having been opened, Lido wrote to CWI stating “Lido . . . terminates said agreement on this day[.]” At the time it cancelled the contract, Lido had not furnished CWI with the preliminary title report.
 

 CWI brought this action against Lido for breach of contract, specific performance and promissory fraud. Lido’s principal defense was that CWI
 
 *378
 
 had defaulted on the contract by failing to close escrow within 60 days from the date of the contract.
 

 At trial, CWI attempted to introduce parol evidence showing the intent of the parties was that escrow would not open and the 60-day period would not start running until CWI received a loan commitment on the property. The trial court ruled the contract was not reasonably susceptible to CWI’s interpretation. As the court interpreted the contract, escrow was either to open or close within 60 days of the date of the agreement. In either case, it was undisputed escrow had not opened within the 60-day period and there was no evidence of an excuse for the delay. After CWI had presented all its evidence in support of its claims, the trial court granted defendants’ motion for nonsuit as to all three of CWI’s causes of action. CWI filed a timely appeal.
 

 Discussion
 

 I. Standard of Review.
 

 Unlike other judgments, in a judgment of nonsuit we look to the evidence most favorable to the losing party and indulge every legitimate inference in that party’s favor. A nonsuit may be granted after the plaintiff’s presentation of evidence only when no evidence of sufficient substantiality exists to support a verdict for the plaintiff.
 
 (Carson
 
 v.
 
 Facilities Development Co.
 
 (1984) 36 Cal.3d 830, 838-839 [206 Cal.Rptr. 136, 686 P.2d 656];
 
 Dameshghi
 
 v.
 
 Texaco Refining & Marketing, Inc.
 
 (1992) 3 Cal.App.4th 1262, 1285-1286 [6 Cal.Rptr.2d 515].) Furthermore, defects not specifically pointed out by the moving party cannot be considered by the trial court, or by us, in determining the merits of the motion.
 
 (Moore
 
 v.
 
 Moffatt
 
 (1922) 188 Cal. 1, 5 [204 P. 220];
 
 Timmsen
 
 v.
 
 Forest E. Olson, Inc.
 
 (1970) 6 Cal.App.3d 860, 868 [86 Cal.Rptr. 359].) Thus we confine our review to the ground for nonsuit asserted in the trial court: CWI’s failure to open or close escrow within the 60-day period specified in the contract bars the relief it seeks in this action.
 

 The principal issue on the motion for nonsuit was whether parol evidence was admissible to explain the parties’ intent with respect to the 60-day escrow period. The trial court’s construction of the contract, including its determination as to the ambiguity of the contract for purposes of the parol evidence rule, are questions of law subject to our independent review.
 
 (Winet
 
 v.
 
 Price
 
 (1992) 4 Cal.App.4th 1159, 1165 [6 Cal.Rptr.2d 554].)
 

 
 *379
 
 II. The Trial Court Properly Refused to Admit Plaintiff’s Parol Evidence as to the Meaning of the Contract Because the Contract Was Not Reasonably Susceptible to the Interpretation Urged by Plaintiff.
 

 A.
 
 Parol Evidence Is Only Admissible to Prove a Meaning to Which the Contractual Language Is Reasonably Susceptible.
 

 Under the parol evidence rule, a party is not allowed to introduce extrinsic evidence of a prior agreement contradicting a writing which was intended by the parties to be a final expression of their agreement as to those terms. (Code Civ. Proc., § 1856, subd. (a).) One exception to the parol evidence rule is that extrinsic evidence may be introduced to explain the meaning of ambiguous contractual language. “The test of whether parol evidence is admissible to construe an ambiguity is not whether the language appears to the court unambiguous, but whether the evidence presented is relevant to prove a meaning to which the language is ‘reasonably susceptible.’ ”
 
 (Winet
 
 v.
 
 Price, supra, 4
 
 Cal.App.4th at p. 1165, quoting
 
 Pacific Gas & E. Co.
 
 v.
 
 G. W. Thomas Drayage etc. Co.
 
 (1968) 69 Cal.2d 33, 37 [69 Cal.Rptr. 561, 442 P.2d 641, 40 A.L.R.3d 1373].)
 

 In
 
 Winet
 
 v.
 
 Price, supra,
 
 the court suggested the following analysis in determining whether the ambiguity exception permits introduction of parol evidence as to the meaning of the contract: (1) What is the construction of the contract urged by the proponent of the parol evidence? (2) Is the contract reasonably susceptible to this construction? (3) If so, did the parties intend this construction? (4 Cal.App.4th at p. 1165.)
 

 Parol evidence is admissible only to prove a meaning to which the contractual language is “reasonably susceptible”; not to flatly contradict the express terms of the agreement.
 
 (Id.
 
 at p. 1167.) Thus if the contract calls for the plaintiff to deliver to defendant 100 pencils by July 21, 1992, parol evidence is not admissible to show that when the parties said “pencils” they really meant “car batteries” or that when they said “July 21, 1992” they really meant May 13, 2001.
 

 B.
 
 The Contract Is Not Reasonably Susceptible to the Interpretation Proposed by CWI.
 

 In the present case, CWI argues the contract is ambiguous as to when the 60-day escrow period begins to run. It then offers its construction of the contract: the 60-day escrow period does not begin to run until CWI obtains a loan commitment on the property. The trial court found the contract was not reasonably susceptible to this construction. We agree.
 

 
 *380
 
 The contract provides “The anticipated period of escrow shall be 60 days
 
 from the date of this
 
 Agreement.” (Italics added.) The plain meaning of this provision is that escrow shall close within 60 days from the date of the agreement. The word “anticipated” refers back to the contingency provided for in paragraph 3 under which Lido agreed “to extend the closing of escrow upon [CWI’s] request in the event the lender is unable to fund the . . . loan
 
 by the anticipated closing date[.]”
 
 (Italics added.) Even if the contract could be construed to mean escrow would open within 60 days of the date of the agreement this interpretation would not aid CWI because it was undisputed escrow had not opened by May 23, 1986 (more than 60 days from the date of the agreement). To assert the phrase “from the date of this Agreement” really means “from the date CWI obtains a loan commitment on the property” is to flatly contradict the terms of the agreement.
 

 III. Nonsuit Was Proper as to the Contract Claims Because CWI Failed to Introduce Sufficient Evidence It Performed, or Was Excused From Performing, Its Duty to Open Escrow.
 

 It is elementary a plaintiff suing for breach of contract must prove it has performed all conditions on its part or that it was excused from performance.
 
 (Reichert v. General Ins. Co.
 
 (1968) 68 Cal.2d 822, 830 [69 Cal.Rptr. 321, 442 P.2d 377].) Similarly, where defendant’s duty to perform under the contract is conditioned on the happening of some event, the plaintiff must prove the event transpired.
 
 (Cochran
 
 v.
 
 Ellsworth
 
 (1954) 126 Cal.App.2d 429, 440-441 [272 P.2d 904].)
 

 Under the contract between CWI and Lido, Lido’s duty to complete the transaction was conditioned on escrow closing within 60 days from the date of the agreement, unless extended under the provisions of paragraph 3 of the agreement. It was CWI’s duty to request opening of escrow. Because the parties intended the sale to be through escrow, performance by CWI of its duty to request opening of escrow was a condition precedent to Lido’s performance of its duty to complete the sale. Lido could not perform its promise until after CWI performed its part. (Cf.
 
 Rubin
 
 v.
 
 Fuchs
 
 (1969) 1 Cal.3d 50, 54 [81 Cal.Rptr. 373, 459 P.2d 925]; and see 3A Corbin on Contracts (1960) § 640, pp. 60-62.)
 

 At the close of CWI’s case the following facts were undisputed: CWI never requested opening of escrow; escrow did not close within 60 days from the date of the agreement; the 60-day escrow period was not extended under the provisions of paragraph 3 of the contract which applied if the lender was unable to fund the loan by the anticipated closing date of escrow.
 
 *381
 
 Thus, the uncontradicted evidence established the failure of the conditions precedent to Lido’s duty to sell.
 

 CWI argues, however, there was sufficient evidence to go to the jury on the question whether the conditions precedent had been excused by Lido’s conduct. We disagree.
 

 CWI points out that despite the provision in the contract declaring “time is of the essence,” the contract contains no specific time limit for its request to open escrow. Where no time limit is specified for the performance of an act, a reasonable time is allowed. (Civ. Code § 1657;
 
 Henry
 
 v.
 
 Sharma
 
 (1984) 154 Cal.App.3d 665, 669 [201 Cal.Rptr. 478].) CWI argues the jury could have found a reasonable time to request opening of escrow had not yet expired when, 72 days after the date of the agreement, Lido cancelled the contract. Under that assumption, CWI reasons Lido’s cancellation of the contract amounted to an anticipatory breach giving CWI a cause of action and excusing its performance under the contract. (See
 
 Jeppi
 
 v.
 
 Brockman Holding Co.
 
 (1949) 34 Cal.2d 11, 18 [206 P.2d 847, 9 A.L.R.2d 1297].)
 

 What constitutes a “reasonable time” for performance is a question of fact.
 
 (Henry
 
 v.
 
 Sharma, supra,
 
 154 Cal.App.3d at p. 670.) What is reasonable depends, of course, on the circumstances of each case.
 
 (Id.
 
 at p. 672.) For example, in
 
 Doryon
 
 v.
 
 Salant
 
 (1977) 75 Cal.App.3d 706, 714 [142 Cal.Rptr. 378], the court expressed doubt whether a one-day delay in opening an escrow, even when the contract declared time is of the essence, would justify the seller’s total failure to perform. The court concluded “if the one-day delay was a breach, it was caused by the defendants. More reasonably, it was no breach at all.” In
 
 Henry
 
 v.
 
 Sharma
 
 we upheld the trial court’s finding the buyer’s performance 63 days after the contract was signed was not an “««reasonable time” where the contract called for performance “within 30 days of escrow or sooner at the close of escrow” and the buyer’s broker was authorized “at his discretion to extend all time limits, including escrow time limits, 30 days.” (154 Cal.App.3d at p. 672, italics in original.)
 

 Henry
 
 v.
 
 Sharma
 
 is clearly distinguishable from the present case. The only similarity is the failure of the contracts in both cases to specify the time within which escrow was to open. This was not an issue in
 
 Henry,
 
 however, because the buyer opened escrow three days after executing the contract. Unlike the present case, the contract in
 
 Henry
 
 did not specify the escrow period nor did it contain a “time is of the essence” clause. (154 Cal.App.3d at p. 668.)
 

 In order to defeat a motion for nonsuit after presentation of plaintiff’s evidence, “there must be some substance to plaintiff’s evidence upon
 
 *382
 
 which reasonable minds could differ.”
 
 (Ulwelling
 
 v.
 
 Crown Coach Corp.
 
 (1962) 206 Cal.App.2d 96, 104 [23 Cal.Rptr. 631].) Although no
 
 specific
 
 time is mentioned in the contract before us, the escrow period is defined as “60 days from the date of this Agreement.” Thus, a
 
 reasonable
 
 time for requesting opening of escrow has to be a time which in the normal course of events would permit escrow to close within 60 days from the date of the agreement. Logic compels the conclusion that under the terms of the contract a “reasonable time” to
 
 open
 
 escrow could not be a time which falls beyond the period to
 
 close
 
 escrow. Thus, as a matter of law, CWI did not perform its duty to request opening of escrow within a reasonable time. Lido’s cancellation of the contract after a reasonable time expired was not an anticipatory breach of the contract.
 

 CWI next contends it should have been allowed to reopen its case to introduce additional evidence and to amend its complaint to allege Lido waived the conditions precedent to its performance. We find these contentions unpersuasive.
 

 Ordinarily when the defendant moves for nonsuit it is an abuse of discretion to deny the plaintiff’s request to reopen and present additional evidence to cure the defects in its case. (See, e.g.,
 
 Huang
 
 v.
 
 Garner
 
 (1984) 157 Cal.App.3d 404, 416-418 [203 Cal.Rptr. 800].) Such an error is waived, however, if the plaintiff fails to specify what additional evidence would be presented or how the additional evidence would cure the defects in the case.
 
 (Charles C. Chapman Building Co.
 
 v.
 
 California Mart
 
 (1969) 2 Cal.App.3d 846, 859 [82 Cal.Rptr. 830];
 
 Greene
 
 v.
 
 Atchison, T.& S.F. Ry. Co.
 
 (1953) 120 Cal.App.2d 135, 144 [260 P.2d 834, 40 A.L.R.2d 873].) In
 
 Huang
 
 v.
 
 Garner, supra,
 
 relied on by CWI, the court reversed a judgment of nonsuit where the trial court had refused to allow plaintiff to reopen its case to present additional evidence. But in that case the nonsuit was based on plaintiff’s failure to present evidence of the applicable standard of care in the community for persons engaged in defendant’s profession and plaintiff was prepared to present evidence of the standard of care through an expert witness.
 

 Here, CWI made only a vague request to reopen “to submit additional evidence that might clarify a lack of evidence submitted that would support the motion for a nonsuit.” We cannot determine from this statement whether the court’s denial of the request to reopen was prejudicial or not. If the request was for the purpose of adding more parol evidence on the meaning of the contract, it was properly denied for the reasons set forth in part II of this opinion. If the additional evidence was related to the issue of CWI’s performance under the contract, it is difficult to see how it could have
 
 *383
 
 been relevant, given our interpretation of the contract stated above. In any event, CWI should have made an offer of proof as to the nature and relevance of the evidence.
 

 We recognize there is a strong policy favoring liberal allowance of amendments to pleadings even if they are requested during trial.
 
 (Honig
 
 v.
 
 Financial Corp. of America
 
 (1992) 6 Cal.App.4th 960, 965 [7 Cal.Rptr.2d 922].) On the other hand, the decision to allow an amendment to the pleadings in the midst of trial rests in the sound discretion of the trial court and should not be disturbed absent a clear showing of abuse.
 
 (Ibid.)
 

 CWI cites Professor Corbin for the proposition “[a]s a matter of course, a plaintiff who has alleged full performance of conditions should be readily permitted to amend his complaint by setting out a waiver or other excuse, if the condition is such that an excuse will be as effective as its performance would be in entitling him to the remedy he seeks. Indeed, in a few cases, the seeming variance has been disregarded and an amendment not required.” (3A Corbin on Contracts,
 
 supra,
 
 § 765, p. 537.)
 

 We have no quarrel with the professor’s view as a general statement of policy. Indeed, we would be inclined to follow it if it meant merely allowing CWI to conform its pleadings to the evidence it had already introduced. But such is not this case. Contrary to CWI’s assertion on appeal, none of the evidence produced at trial comes close to establishing a waiver by Lido of the timeliness requirements of the contract. Furthermore, CWI’s presentation of its case had already consumed two weeks. Despite extensive examination of the principal witnesses for both parties about their understanding and interpretation of the agreement not a hint of evidence was produced that Lido had knowingly and intelligently waived its rights to timely performance of the conditions precedent. The trial court was not required to continue the trial at this point on the remote possibility CWI might, through further discovery, produce such evidence.
 

 For the reasons set forth above, we conclude CWI failed to present sufficient evidence it performed, or was excused from performing, its duties under the contract. No prima facie case of breach of contact having been established, the trial court properly granted the motion for nonsuit as to CWI’s contract claims.
 

 
 *384
 
 IV. The Trial Court Properly Granted the Motion for Nonsuit as to the Cause of Action for Promissory Fraud.
 
 *
 

 Disposition
 

 The judgment is affirmed.
 

 Lillie, P. J., and Woods (Fred), J., concurred.
 

 *
 

 See footnote
 
 ante,
 
 page 373.