Filed 7/11/25  Haacke v. Pfister CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| RODNEY HAACKE, | |
| Plaintiff and Appellant, | E081792 |
| v. | (Super.Ct.No. MCC2001826) |
| DESRIE PFISTER, Individually and as Trustee, etc., | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Eric A. Keen, Judge.

Affirmed.

Law Office of Nada Dhahbi and Nada Dhahbi for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

1

## I.  INTRODUCTION

Plaintiff and appellant Rodney Haacke filed a civil action against defendant and respondent Desrie Pfister arising out of disputes related to the management of their parents' trust.  In May 2023, the case proceeded to trial before a jury on causes of action for breach of contract and fraud.  However, at the conclusion of plaintiff's case-in-chief, the trial court granted a motion for nonsuit and entered judgment in defendant's favor.  Plaintiff appeals from the judgment.  After consideration of the arguments made by plaintiff in his opening brief, we affirm the judgment.

## II.  BACKGROUND

### A.  *Operative Complaint and Allegations*

The operative pleading in this case is the second amended complaint (SAC) filed on July 2021.  According to the SAC, Karl Haacke and Veva Haacke established the Haacke Family Trust (the Trust) in 1994 shortly before Karl Haacke passed away.  In 2012, Veva Haacke was diagnosed with cognitive issues related to dementia, resulting in plaintiff and defendant succeeding as co-trustees of the Trust.  From 2012-2017, defendant allegedly engaged in numerous acts of mismanagement involving Trust assets.

The SAC alleges that, at some point, probate proceedings were initiated to resolve disputes regarding management of the Trust, and Robin J. Shea was appointed as the sole successor trustee of the Trust.  After Veva Haacke passed away in 2018, plaintiff and defendant entered into a stipulation to resolve their disputes regarding the management of the Trust and to dismiss the probate proceedings.  The stipulation specifically provided that:  (1) Robin J. Shea will liquidate the real property assets held by the Trust and

2

distribute the Trust assets equally between the beneficiaries; (2) both plaintiff and defendant "shall accept and approve all prior co-trustee actions and expenses from their acceptance to act as co-trustees in 2012 . . . to the appointment of Robin J. Shea"; (3) Robin J. Shea will prepare an accounting and request for approval of the agreed distribution of Trust assets; and (4) plaintiff will dismiss his probate petition challenging the appointment of Robin J. Shea as the trustee for the Trust.

Based upon these general allegations, the SAC purported to state three causes of action against defendant: (1) a cause of action for financial elder abuse on behalf of Veva Haacke for defendant's purported involvement in the sale of real property in 2020; (2) a cause of action for breach of contract based upon the claim that the stipulation constituted an enforceable contract entitling plaintiff to compensation for his fair share of the services he provided while serving as a co-trustee of the Trust; and (3) a cause of action for fraud based upon defendant's failure to repay alleged debts that she owed to the Trust prior to the distribution of Trust assets pursuant to the stipulation resolving the probate action.

In November 2021, the trial court sustained a demurrer to the cause of action for elder abuse.[1]

---

[1] Plaintiff did not include the: demurrer, concurrently filed request for judicial notice, opposition to demurrer, reporter's transcript of hearing, written ruling, or formal order on the demurrer as part of the record on appeal.

3

B. *Trial and Motion for Nonsuit*

The remaining causes of action for fraud and breach of contract were tried in May 2023. Both plaintiff and defendant were self-represented, and both were the only substantive witnesses called to testify during plaintiff's case-in-chief. Plaintiff completed the presentation of evidence on Thursday, May 18, 2023. At the conclusion of plaintiff's case-in-chief, the trial court requested the parties return in four days,[2] and be prepared to present proposed jury instructions and to discuss the possibility of a non-suit at that time.

In response to the trial court's comments, defendant filed a written motion for nonsuit pursuant to Code of Civil Procedure section 581c and plaintiff filed a written opposition to the motion. The only ground for nonsuit asserted in defendant's motion was that the evidence presented by plaintiff at trial was insufficient to prove the causes of action alleged in the operative complaint. During argument on the motion, plaintiff conceded that (1) his breach of contract cause was premised upon the theory that the stipulation entered by the parties in the probate action constituted an enforceable contract; (2) he had not presented any evidence of an act by defendant that would constitute a breach of any of the terms of the stipulation; and (3) he had not presented any evidence of damages incurred after the execution of the stipulation. Given these concessions, defendant asserted he needed to reopen the case to present further evidence.

---

[2] Plaintiff completed the presentation of evidence related to his case-in-chief on Thursday, May 18, 2023, and the next day scheduled for trial was Monday, May 22, 2023.

4

With respect to the fraud cause of action, plaintiff conceded that it was premised on the theory that defendant made a "false promise" to induce plaintiff to sign the stipulation. However, when the trial court noted that it had not seen evidence of any promise made by defendant, plaintiff asserted that he could provide such evidence if given the opportunity to do so.

The trial court asked plaintiff to make an offer of proof regarding what evidence could be presented on the breach of contract claim. In response, plaintiff argued that the "primary" evidence of a breach would consist of defendant's act of filing a subsequent document with the probate court after execution of the stipulation. The trial court reviewed the document, noted that it was an objection to a proposed accounting filed in the probate action, and observed that the filing did not appear to relate to any of the allegations in the SAC or the matters presented at trial. The trial court observed that the request to reopen did not appear to relate to curing any defects in the theories of liability alleged and presented at trial but appeared to be for the purpose of introducing evidence to prove an entirely new case, which would be prejudicial to defendant.

The trial court also asked plaintiff to make an offer of proof regarding what evidence could be offered on the issue of fraud. In response, plaintiff stated that the stipulation "itself is proof" and the "stipulation is the primary" evidence. When the trial court indicated that the stipulation was already in evidence, plaintiff stated that he might be able to provide witness testimony of phone conversations. However, when asked to explain what that testimony might show, plaintiff stated only that "my best case scenario

5

if I went through them I can provide voicemails and text messages," but he conceded that he did not presently have such evidence.

At the conclusion of the hearing, the trial court granted the motion for nonsuit, entered judgment in favor of defendant, advised defendant to serve notice of entry of judgment, and dismissed the jurors. Plaintiff appeals from the judgment.

### III. DISCUSSION

A. *General Legal Principles and Standard of Review*

After the plaintiff's presentation of evidence in a trial by jury, a defendant may move for a judgment of nonsuit. (Code Civ. Proc., § 581c, subd. (a).) "A motion for nonsuit allows a defendant to test the sufficiency of the plaintiff's evidence before presenting his or her case." (*Carson v. Facilities Development Co.* (1984) 36 Cal.3d 830, 838 (*Carson*).) " ' "A defendant is entitled to a nonsuit if the trial court determines that, as a matter of law, the evidence presented by plaintiff is insufficient to permit a jury to find in his favor." ' " (*Group XIII Properties LP v. Stockman* (2022) 85 Cal.App.5th Supp.1, 10.)

"We review a grant of nonsuit de novo." (*Doe v. L.A. County Dep't. of Children & Family Servs.* (2019) 37 Cal.App.5th 675, 682 (*Doe*).) In conducting our de novo review, we are guided by the same rules as the trial court. (*Carson*, *supra*, 36 Cal3d at p. 839.) " 'We must view the facts in the light most favorable to the plaintiff. . . . "The rule is that a trial court may not grant a defendant's motion for nonsuit if plaintiff's evidence would support a jury verdict in plaintiff's favor. . . . In determining whether plaintiff's evidence is sufficient, the court may not weigh the evidence or consider the

6

credibility of witnesses.  Instead, the evidence most favorable to plaintiff must be accepted as true and conflicting evidence must be disregarded.  The court must give 'to the plaintiff['s] evidence all the value to which it is legally entitled, . . . indulging every legitimate inference which may be drawn from the evidence in plaintiff['s] favor. . . .' " [Citation.]  The same rule applies on appeal from the grant of a nonsuit.' "  (*O'Neil v. Crane Co.* (2012) 53 Cal.4th 335, 347 (*O'Neil*); *Carson*, at pp. 838-839.)

In this case, the precise nature of plaintiff's challenge to the judgment is not entirely clear from the opening brief.  However, as we explain, to the extent plaintiff seeks to claim the trial court erred in granting defendant's motion for nonsuit, we conclude that any such argument has been forfeited and further conclude that, even absent forfeiture, plaintiff has not met his burden to show error warranting reversal on appeal.

B.  *Forfeiture*

" 'Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error.' "  (*People v. Foss* (2007) 155 Cal.App.4th 113, 126.)  To meet this burden, " '[a]rguments should be tailored according to the applicable standard of appellate review,' " and "[f]ailure to acknowledge the proper scope of review is a concession of a lack of merit."  (*Sonic Manufacturing Technologies, Inc. v. AAE Systems, Inc.* (2011) 196 Cal.App.4th 456, 465; *Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948; *Foss*, at p. 126.)  Here, the opening brief contains a section with a separate heading entitled "standard of review," which lists the independent, de

novo, substantial evidence, and abuse of discretion standards of review.  However, the opening brief does not clearly identify which standard of review plaintiff believes applies to each of his substantive arguments and does not make clear which standard of review plaintiff is attempting to apply to establish error.  We conclude that plaintiff's failure to tailor any of his arguments to a specific standard of review forfeits any claim of error on appeal.

Additionally, as we have already explained, review of a trial court's judgment following nonsuit requires evaluation of the evidence presented at trial.  (*O'Neil v. Crane Co.*, *supra*, 53 Cal.4th at p. 347; *Carson*, *supra*, 36 Cal.3d at pp. 838-839.)  And " ' "[w]hen an appellant urges the insufficiency of the evidence to support the findings it is his duty to set forth a fair and adequate statement of the evidence which is claimed to be insufficient.  He cannot shift this burden onto respondent, nor is a reviewing court required to undertake an independent examination of the record when appellant has shirked his responsibility in this respect." ' " (*In re Marriage of Marshall* (2018) 23 Cal.App.5th 477, 487; *Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 738 [" 'A party who challenges the sufficiency of the evidence to support a particular finding must *summarize the evidence* on that point, *favorable and unfavorable*, and *show how and why it is insufficient*.' "].)  The failure to provide a fair summary of the evidence forfeits the claim on appeal.  (*Symons Emergency Specialties v. City of Riverside* (2024) 99 Cal.App.5th 583, 598.)

Here, plaintiff has not summarized any of the testimony or evidence presented in his case-in-chief during trial.  The "statement of the case" in the opening brief merely

8

repeats the minute entries for each day of trial; the "statement of facts" repeats and cites only to the allegations made in the complaint; and none of the substantive arguments are accompanied by a *summary*[3] of the evidence presented at trial. Thus, we also conclude that any claim of error with respect to the trial court's grant of nonsuit has been forfeited for failure to summarize the relevant evidence and portions of the record to facilitate meaningful review.

C. *Plaintiff Has Not Shown Error, Even Absent Forfeiture*

Even in the absence of forfeiture, we would conclude that plaintiff has not met his burden to show error on the merits. The record shows that, at the time of argument on the motion for nonsuit, plaintiff conceded that he had not yet presented any evidence in support of essential elements of his causes of action for breach of contract and fraud.[4] Plaintiff does not assert otherwise on appeal, declining to present any argument regarding how the evidence presented at trial was sufficient to establish each of the essential

---

[3] In a portion of the argument addressing prejudice, plaintiff makes a conclusory statement that she presented "uncontroverted and strong evidence" accompanied by a block citation listing every exhibit presented at trial. But even then, plaintiff made no effort to identify what these exhibits are, let alone summarize what each exhibit purports to show.

[4] "[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." (*Oasis West Realty*, *LLC v. Goldman* (2011) 51 Cal.4th 811, 821.) The essential elements of promissory fraud or false promise are " '(1) a promise made regarding a material fact without any intention of performing it; (2) the existence of the intent not to perform at the time the promise was made; (3) intent to deceive or induce the promisee to enter into a transaction; (4) reasonable reliance by the promisee; (5) nonperformance by the party making the promise; and (6) resulting damage to the promise[e].' " (*Rossberg v. Bank of America*, *N.A.* (2013) 219 Cal.App.4th 1481, 1498.)

elements of his causes of action. Instead, plaintiff appears to argue that the motion for nonsuit was improper on various procedural grounds. Upon consideration of each argument asserted in the opening brief, we conclude that none of these arguments show error warranting reversal.

    1. The Purported "Sua Sponte" Nonsuit

Plaintiff asserts that it was improper for the trial court to "sua sponte" grant a nonsuit in favor of defendant on its own motion. We conclude that plaintiff's characterization of the motion is unsupported by the record and that plaintiff has not shown error warranting reversal even if his characterization was correct.

The record in this case shows that defendant filed a formal motion for nonsuit, plaintiff filed a written opposition, and the parties engaged in extensive oral argument on the merits of the motion prior to any ruling by the trial court. Thus, the record does not support plaintiff's characterization that the nonsuit was granted on the trial court's own motion.[5]

Even assuming the trial court's request that the parties be prepared to discuss the potential of a nonsuit constituted an irregularity, procedural irregularity is not grounds for

---

[5] The record shows that at the conclusion of plaintiff's case-in-chief, the trial court gave the parties a copy of Code of Civil Procedure section 581c; asked the parties to review it; and requested the parties be prepared to argue its potential application to the case. However, the trial court also made clear that he was only asking the parties to "read [Code of Civil Procedure section 581c] and do whatever research you need to do"; that the trial court did not "want to frame your arguments for you"; and "this is a motion that would be brought by [defendant]." The trial court only proceeded after noting that defendant "chose to make a motion" in response to its inquiry and once the parties had an opportunity to brief the issue.

10

reversal if a nonsuit was otherwise properly granted. (*Atkinson v. Elk Corp.* (2003) 109 Cal.App.4th 739, 749 [grant of nonsuit on court's own motion not reversible error if plaintiff would not have survived motion if properly made]; *Carachure v. Scott* (2021) 70 Cal.App.5th 16, 28 ["[P]rocedural irregularity does not require reversal of the judgment if the motion was otherwise well taken."]; *Michel v. Moore & Associates, Inc.* (2007) 156 Cal.App.4th 756, 760, fn. 4 [same].) And, as we have already discussed, plaintiff has not argued that the evidence presented at trial was sufficient to overcome a properly made motion for nonsuit. Thus, any alleged procedural irregularity, even if true, would not constitute grounds for reversal.

    2.  Nonsuit as a "Disfavored" or "Draconian" Remedy

Plaintiff argues that a motion for nonsuit is disfavored as "draconian." However, none of the case authorities cited by plaintiff under this heading stand for the proposition that a nonsuit is disfavored or "draconian." Regardless, a motion for nonsuit remains a statutorily permitted means of resolving a case. (Code Civ. Proc., § 581c.) Thus, regardless of whether it constitutes a disfavored remedy, a judgment is not reversible absent a showing of error in granting the motion.

    3.  Defendant's Purported Unauthorized Practice of Law

Plaintiff suggests that defendant was engaged in the unauthorized practice of law during trial because defendant could not legally represent herself in her capacity as the trustee of Desrie Pfister Trust. We conclude the record is inadequate to show error in this regard.

11

It is true that, as a general matter, " 'a nonattorney trustee who represents [a] trust in court is representing and affecting the interests of the beneficiary and its thus engaged in the unauthorized practice of law.' " (*Donkin v. Donkin* (2020) 47 Cal.App.5th 469, 471.) However, "where . . . the trustee is also the sole settlor and trust beneficiary, the rationale underlying the prohibition on a trustee's in properia persona representation does not apply. Simply put, a trustee litigating on behalf of a trust in which he as the settlor has designated himself the sole beneficiary is not representing the interests of others." (*Aulisio v. Bancroft* (2014) 230 Cal.App.4th 1516, 1524.) Plaintiff has made no effort to explain the nature of the Desrie Pfister Trust or direct our attention to anything in the appellate record that would explain the nature of the trust. In fact, it is entirely unclear from the allegations of the SAC why the Desrie Pfister Trust was named as a defendant or what involvement it has in the causes of action alleged.

Thus, plaintiff has not met his burden to show that defendant engaged in the unauthorized practice of law, let alone show how such unauthorized practice by defendant prejudiced plaintiff such that reversal of the judgment would be required.

4. Denial of Plaintiff's Request to Reopen

Plaintiff also argues that the trial court erred by denying his request to reopen the case and present additional evidence. We disagree.

Generally, "[t]rial courts have broad discretion in deciding whether to reopen the evidence," and "[w]e review a court's denial of a motion to reopen evidence for an abuse of discretion." (*Horning v. Shilberg* (2005) 130 Cal.App.4th 197, 208-209; *Giomi v. Viotti* (1956) 144 Cal.App.2d 714, 718.) However, "[i]n response to a motion for

12

nonsuit, a plaintiff has the right, upon request, to reopen its case to remedy defects raised by the nonsuit motion." (*Austin B. v. Escondido Union School Dist.* (2007) 149 Cal.App.4th 860, 886 (*Austin B*.).)  And it is ordinarily "an abuse of discretion to deny the plaintiff's request to reopen and present additional evidence to cure the defects in its case." (*Consolidated World Investments*, *Inc. v. Lido Preferred Ltd.* (1992) 9 Cal.App.4th 373, 382.)  Nevertheless, the right to present further evidence is waived unless the plaintiff "makes an offer of proof, describing the evidence and explaining how it would cure the deficiencies." (*Austin B.*, at p. 886; *Doe*, *supra*, 37 Cal.App.5th at p. 682; *Consolidated World Investments*, at p. 382 [A "vague request to reopen" is insufficient.].)

Here, the trial court gave plaintiff an opportunity to make an offer of proof to set forth the evidence he believed could be produced to establish the elements of his causes of action if given an opportunity to reopen.  In response, plaintiff referred largely to unspecified evidence he might find if given an opportunity to look for additional evidence.  The only two concrete pieces of evidence actually identified by plaintiff consisted of:  (1) the stipulation executed by the parties to resolve the probate action, and (2) a document filed by defendant in the probate action after execution of the stipulation.

However, as the trial court correctly noted, the stipulation was already admitted into evidence, and could not constitute an offer of proof justifying reopening the case. Additionally, the trial court reviewed the document filed in the probate action and noted that it did not appear to have any relevance to the allegations in the operative complaint. Plaintiff did not dispute this conclusion in the trial court and does not dispute this

13

conclusion on appeal. As such, plaintiff has not shown the trial court abused its discretion by denying the request to reopen. (*Austin B.*, *supra*, 149 Cal.App.4th at p. 887 ["If an offer of proof is made, the denial of the motion to reopen 'will not be overturned when the additional evidence sought to be produced by the plaintiff is . . . irrelevant to the issues involved in the action.' "].)

Where plaintiff fails to make an offer of proof that specifies what evidence can be introduced to cure the defects in his case-in-chief, the trial court does not abuse its discretion in denying a request to reopen, and reversal of the judgment is not warranted.

5. Other Arguments

Finally, we briefly address two other arguments asserted in the opening brief. The opening brief contains separate sections with the headings: (1) "failure to provide an official court reporter was not harmless"; and (2) "Res Judicata fails and not applicable." We conclude that whatever argument plaintiff intended to make with respect to these assertions has been forfeited.

"As a general rule, ' "[w]hen an appellant raises an issue 'but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' " ' " (*Estrada v. Public Employees' Retirement System* (2023) 95 Cal.App.5th 870, 889; *Shaw v. Los Angeles Unified School Dist.* (2023) 95 Cal.App.5th 740, 754 [When a party to an appeal "do[es] not furnish legal argument with citation to authority on a particular point, we may treat the point as forfeited and pass it without consideration."].)

Here, it is unclear what ruling or order plaintiff intends to challenge with the assertion he was prejudiced by the failure to provide an official court reporter. The

record on appeal includes a reporter's transcript for each day of trial—including the proceedings related to the motion for nonsuit on May 22, 2023. Thus, the appellate record does not support plaintiff's claim that he was denied a court reporter for any relevant proceeding, and it is unclear what claim of error or prejudice plaintiff is attempting to assert with this argument.

Likewise, defendant's motion for nonsuit did not raise res judicata as a ground for nonsuit, and the trial court never discussed res judicata during argument on the motion for nonsuit. Thus, it is also unclear what order plaintiff intended to challenge with this argument,[6] let alone what claim of error or prejudice plaintiff is attempting to assert that would justify reversal of the judgment. In the absence of any reasoned argument, we deem whatever claim plaintiff intended to assert with these arguments as forfeited.

---

[6] At one point, plaintiff appears to suggest that dismissal pursuant to Code of Civil Procedure section 581, subdivision (e). on the basis of res judicata was erroneous. However, the record does not show that the trial court made any orders pursuant to this provision, let alone dismissal of the complaint or any cause of action. We also observe that one of plaintiff's causes of action was disposed of following a demurrer, but plaintiff has not included any of the matters relevant to review that ruling as part of the record on appeal.

## IV.  DISPOSITION

The judgment is affirmed.  Respondent is awarded costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

We concur:


RAMIREZ _____
P. J.


MILLER _____
J.